## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**KENDRA MORRISON,**

                **Plaintiff,**

**vs.**                                                    **CIV No. 12-143 JCH/RHS**

**LOS LUNAS PUBLIC SCHOOLS and**
**BOARD OF DIRECTORS OF THE**
**LOS LUNAS PUBLIC SCHOOLS,**

                **Defendants.**


*CONSOLIDATED WITH:*


**BOARD OF EDUCATION OF THE**
**LOS LUNAS PUBLIC SCHOOLS,**

                **Plaintiff,**

                                                          **CIV No. 12-146 JCH/SCY**

**vs.**

**KENDRA MORRISON,**

                **Defendant.**


### <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Kendra Morrison's Motion for Summary

Judgment and Memorandum in Support (ECF No. 51) in an action that consolidates two related

suits.  In the first suit, Morrison seeks reimbursement of attorneys' fees and costs she incurred in

prevailing against Los Lunas Public Schools ("LLPS") and the Board of Directors of LLPS

(collectively, "the District")[1] at an administrative due process proceeding she initiated on behalf

---

[1]As shown in the caption, Morrison filed suit against LLPS and its Board of Directors as
separate entities; a third entity, the Board of Education of LLPS, then brought the related suit.
The Court follows the parties' lead in collectively referring to all three entities as "the District."

of her minor son, A.M., pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).  In the second suit, the District appealed the Due Process Hearing Officer's ("DPHO's") decision that the District (1) violated A.M.'s procedural rights under the IDEA by failing to evaluate him for the disability of "emotional disturbance" and violated his substantive right to a free appropriate public education by (2) failing to find that he suffered from emotional disturbance and another disability, Attention Deficit Hyperactivity Disorder and (3) failing to provide him with special education services targeted to meet his unique needs.

Because the Court has already denied the District's motion for a summary judgment on the merits and affirmed the DPHO's decision (*see* Mem. Op. and Order, ECF No. 42), the only issue remaining to be decided is whether, as the instant motion argues, Morrison is entitled to her requested award of attorneys' fees and costs. After reviewing the evidence and arguments of the parties and their counsel, the Court concludes that Morrison's summary judgment motion for attorneys' fees should be granted, although the amount of fees awarded to her counsel should be partly reduced, as described below.

## STANDARD

Summary judgment is appropriate only if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)).   "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* (internal quotations omitted). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247-48 (1986). Rather, only disputes of facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Id.* at 248.

Initially, the moving party bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial. *Id.* The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.*; *Kaus v. Standard Ins. Co.*, 985 F.Supp. 1277, 1281 (D. Kan. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson*, 477 U.S. at 248.

Defendant argues that summary judgment is not appropriate in this case and the Court should conduct an evidentiary hearing regarding the reasons the fees were incurred and whether they are reasonable. On summary judgment, however, once the moving party comes forward with evidence supporting her factual assertions, it is incumbent upon the nonmoving party to dispute those facts with admissible evidence in order to create a factual issue that would require a hearing or trial. In this case, Plaintiff has supported her factual assertions with admissible evidence, and Defendant has failed to dispute Plaintiff's facts with evidence. Although Defendant disputes Plaintiff's contentions regarding whether Plaintiff prevailed upon the primary relief she sought and whether this is a complex case, those are legal issues for the Court to decide. Defendant also asserts that the fees charged include amounts that should never have been charged to Plaintiff or Defendant, and thus, are excessive. Defendant, however, does not dispute the underlying fact that the attorneys charged their client for the amounts listed and for

the stated reasons.  Accordingly, there are no disputes of fact that require an evidentiary hearing, and this Court will analyze herein the undisputed facts in light of the relevant law.

## ANALYSIS

While the general rule in our legal system is that each party must pay its own attorney's fees and expenses, the IDEA provides "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I). Courts in the Tenth Circuit have analyzed motions for attorneys' fees in suits brought pursuant to the IDEA under the same legal standard as is employed for evaluating motions for attorneys' fees brought by prevailing parties in civil rights cases under 42 U.S.C. § 1988.  *See, e.g., Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 728-29 (10th Cir. 1996) ("Congress intended the term 'prevailing party' to mean the same under § 1415(e)(4)(B) as it does under 42 U.S.C. § 1988.").

Determining a reasonable award of attorneys' fees under § 1988 is a two-step process. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). First, the court must determine whether an applicant is a prevailing party entitled to reimbursement of her fees.  *See Hensley*, 461 U.S. at 433.  Second, the court must determine what is a reasonable fee.  *Id*.

### I.  Prevailing Party

The Supreme Court has held that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."[2] *Hensley*, 461

---

2 *See Farrar v. Hobby,* 506 U.S. 103, 115 (1992) ("In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party") (affirming reversal of district court's fee award where plaintiff recovered only nominal damages because of his failure to prove an essential element of his claim for

U.S. at 429 (internal quotation omitted).  "[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Id.* at 433 (internal quotation omitted). Put another way, a plaintiff is a prevailing party when the "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111–12; *see also Sole v. Wyner*, 551 U.S. 74, 82 (2007) ("The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.") (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).

Here, Morrison argues that she "plainly prevailed at the Due Process hearing, having won on the key issue, the identification of AM as a student eligible for special education under the IDEA," and plainly prevailed in this Court, which affirmed the findings of the DPHO in full. Pl.'s Mot. for Summ. J. 11, ECF No. 51.  The District responds that, while Morrison is "formally" the prevailing party in this case, her status as such does not justify an award of attorneys' fees.  Def.'s Resp. 4-5, ECF No. 55 (citing Justice O'Connor's concurrence in *Farrar,* 506 U.S. at 117, that no attorneys' fees should be awarded where a prevailing plaintiff's "success is purely technical or *de minimus*"); *see also supra* n. 2.  Rather, the District maintains that the DPHO's finding that the appropriate remedy in this case was a new education plan targeted to meet A.M.'s unique educational needs amounted to "a pittance" in comparison to Morrison's requested relief, which sought an additional 200 hours of compensatory education for A.M. (in the form of direct instruction and tutoring targeted at addressing deficiencies in his previous

monetary relief).

education plan).[3]

The Court disagrees with the District's characterization of Morrison's legal victory as insignificant. On the contrary, the DPHO and this Court both concluded that the District violated A.M.'s right to a free appropriate public education by failing to address two separate disabilities that, "[o]ver a long period of time and to a marked degree . . . adversely affected [his] educational performance," including his academic and social progress. Mem. Op. and Order 12, ECF No. 42. This can hardly be deemed a mere technical vindication of A.M.'s rights when, as relief for the District's multiple IDEA violations, the DPHO ordered a new individualized education plan [IEP] for A.M., to be developed by a team in accordance with processes set forth in the IDEA. In fact, while the District points to the DPHO's denial of Morrison's request for 200 hours of compensatory education for A.M. as proof that her victory was *de minimus*, the record demonstrates that the reason for the denial was because the DPHO concluded that the new IEP "may remedy the prior violation," AR at 298, not because he intended to grant A.M. "only a Pyrrhic victory for which the reasonable fee is zero," *see* Def.'s Resp. 5, ECF No. 55 (quotation omitted). Thus, because Morrison prevailed on a significant issue in this litigation and achieved much of the benefit she sought in bringing suit, the Court finds that she is entitled to an award of reasonable attorneys' fees.

## II. Reasonable Attorneys' Fees

In order to arrive at a reasonable fee, courts generally use the "lodestar," which is the "product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Hensley*, 461 U.S. at 433). The district court may reduce the award where the documentation of hours is inadequate.

---

3 Because Morrison did not challenge any of the DPHO's conclusions of law -- including his finding that her request for compensatory education should be denied – in her Complaint in the instant suit, this Court did not subject these findings to appellate review. *See* Mem. Op. and Order 13, ECF No. 42.

*Hensley*, 461 U.S. at 433.  A court should also "exclude from this initial fee calculation hours that were not 'reasonably expended.'"  *Id.* at 434.

A.        **Hours Reasonably Expended by Plaintiff's Counsel**

In determining the number of hours reasonably expended by a prevailing party, the court must examine two issues:  (1) whether the plaintiff failed to prevail on claims that were unrelated to the claim on which she succeeded, and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.  *Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005) (quoting *Hensley*, 461 U.S. at 434).  A court may only award a plaintiff attorney's fees "for time spent prosecuting the successful claim as well as those related to it."  *Id.*  Those questions do not conclude the inquiry, because a court, in its discretion, may "adjust the award commensurate with the degree of success obtained."  *Id.*

The Court has examined the affidavits and evidence submitted by Plaintiff's counsel and finds that the costs and fees charged were generally related to the IDEA claim on which Plaintiff succeeded and were generally reasonable.  Defendant nonetheless challenges a number of categories of fees that it asserts are not reasonable.  The Court will examine those arguments.

First, Defendant argues that the fees include time for duplicative work and appearances.  The Court, however, finds the total time spent by Debra Poulin and Tara Ford in litigating this case to be reasonable.  It is not an unusual practice for attorneys to split work on motions practice and to both attend important client meetings, mediations, and evidentiary hearings.  For example, the evidentiary hearing lasted three days, included 14 witnesses, including five experts and over 60 exhibits.  *See* Aff. of Debra Poulin ¶ 18, ECF No. 51-1.  The total attorney time of 48 hours preparing for the hearing and 44.8 hours attending the hearing is reasonable, given that both attorneys participated in examining witnesses.

Defendant next argues that Plaintiff should not be charged for time spent familiarizing her attorneys with her son's "psychological history" and the applicable law.  In the case at hand, however, her son's "psychological history" was critical to the determination of whether he was entitled to special education, and therefore, these fees furthered the success on the claims on which Plaintiff prevailed.  The Court therefore finds these fees to be reasonable.

The Court, however, agrees with Defendant that Plaintiff has not shown that the following fees sufficiently furthered Plaintiff's case to reasonably be recovered by Ms. Ford and charged to Defendant:      10/20/2011 0.20 hours "t.c. Jennifer and Mr. Morrison re: his participation;" 10/20/2011 0.10 hours "t.c. Jennifer Rogers re: custody;" 10/20/2011 0.10 hours "t.c. client re: custody;" 10/20/2011 0.10 hours "t.c. Michelle Cortez re: custody;" 4/5/2011 0.10 hours "email client re father agreement not to interfere w dp;" 3/30/2011 0.10 hours "email w client re parenting agreements;" 3/3/2011 0.40 hours "work on attorney fee agreement;" 3/2/2011 0.10 hours "review DP's attorney agreement and email to DP re: same;" 2/22/2011 0.30 hours "draft attorney fee agreement and send to DP;" 11/10/2010 0.60 hours "t.c. client re mental health professional recommendations;" 10/29/2010 0.40 hours "emails w client re son in crisis and resources and phone call re same."  *See* Aff. of Tara Ford, Time Report, ECF No. 51-5 at 10-16 of 16.  While certain counseling of a client on how the law should affect a client's life choices may be important in furthering a case and reasonably expended, the Court finds that the record does not show how the above expenditures regarding custody issues, parenting agreements, and mental health professional recommendations were legal work reasonably expended to prosecute the successful claims here.  While a counseling role, separate from legal work in furtherance of a case, may be at times appropriately charged to a client, such non-legal work should not necessarily be charged to the District.  Ms. Ford's fee award will therefore be reduced by 2.5

hours.

Finally, Defendant objects to the fees spent investigating a Section 504 claim that Plaintiff never brought.  Plaintiff's attorneys consulted with Nancy Simmons on the interplay between Section 504 and the IDEA and whether to bring a Section 504 claim, but ultimately decided not to bring that claim.  Given that Plaintiff chose not to bring the Section 504 claim, the Court concludes that the award in this case should be reduced by the fees expended on the Section 504 claim in order to make the award here commensurate with the degree of success obtained.  Accordingly, the Court will not award fees for the Section 504 work conducted by Nancy L. Simmons, who was retained solely for consultation on this issue.  *See* Aff. of Nancy L. Simmons ¶ 1, ECF No. 51-4.  Plaintiff requested a total of $2,054.00 for Nancy Simmons' attorney's fees and New Mexico gross receipts tax ("GRT") ($1,920.00 fees + $134.00 GRT). *See* Pl.'s Mot. for Summ. J. 9, ECF No. 51.  The Court will therefore exclude those fees and GRT from the award in this case.  The Court will also exclude 0.40 hours expended by Ms. Poulin on 10/11/2011 for the conference call with Ms. Ford and Ms. Simmons on the Section 504 claim.  *See* Aff. of Debra Poulin, Ex. 1(A), ECF No. 51-1 at 9 of 15.  Finally, the Court will exclude the following hours spent by Ms. Ford on the Section 504 claim:  10/20/2011 0.20 hours "t.c. Simmons re: Mr. Morrison;" 10/20/2011 0.30 hours "review 504 complaint;" 10/19/2011 0.70 hours "review 504 complaint, edit, t.c. Simmons;" 10/18/2011 0.40 hours "review 504 complaint, edit, email co-counsel;" 10/18/2011 0.40 hours "review 504 complaint, edit, email co-counsel;" 10/11/2011 0.60 hours "consult w DP and Nancy Simmons;" and 9/28/2011 0.30 hours "t.c. co-counsel re: offer and IDEA vs. 504."  *See* Aff. of Tara Ford, Time Report, ECF No. 51-5 at 10-11 of 16.  The total number of Ms. Ford's hours spent on the Section 504 claim that the Court will exclude from the fee award is 2.9 hours.

### B.  Reasonable Hourly Rates

The Court next turns to the determination of a reasonable hourly rate for attorneys Debra Poulin and Tara Ford.[4]  Ms. Poulin charged $235 an hour for her representation in this case, a rate that is reasonable given that she has over 25 years of legal experience.  *See* Aff. of Debra Poulin ¶¶ 2-8, ECF No. 51-1.  Ms. Ford charged $195.00 an hour for her representation on this case, a rate the Court finds is reasonable in New Mexico for an attorney with over 20 years of legal experience.  *See* Aff. of Tara Ford ¶¶ 4-13, ECF No. 51-5.

### C.  Final Calculation of Attorney's Fees and Costs

After reducing her charged fees for "billing judgment," Debra Poulin requests $38,821.50 in fees, costs in the amount of $1,551.01, and GRT in the amount of $2,678.10, for a total award request of $43,050.61 for her work.  *See* Pl.'s Mot. for Summ. J. ¶ 32, ECF No. 51; Aff. of Debra Poulin ¶¶ 9-10, ECF No. 51-1.  For the reasons discussed *supra*, the Court will reduce Ms. Poulin's fee award by 0.40 hours, which at the rate of $235 per hour, amounts to a reduction of $94.00 in fees and $7.70 in GRT,[5] for a total reduction of $101.70.  Accounting for the reduction, the Court will award $42,948.91 ($43,050.61 - $101.70) for Ms. Poulin's fees, costs, and GRT in this case.

After reducing her charged fees for "billing judgment," Tara Ford requests $38,200.50 in attorney's fees and $281.19 in costs in this case.  *See* Pl.'s Mot. for Summ. J. ¶ 32, ECF No. 51; Aff. of Tara Ford ¶¶ 14-16, ECF No. 51-5.  For the reasons discussed *supra*, the Court will reduce Ms. Ford's fee award by 5.4 hours, which at the rate of $195 per hour, amounts to a

---

4 Because this Court has eliminated all hours expended by Ms. Simmons as not reasonable in light of the degree of success obtained in this case, it has no need to examine the reasonableness of Ms. Simmons' hourly rate.
5 Ms. Poulin practices in Santa Fe, *see* Aff. of Debra Poulin ¶ 4, ECF No. 51-1, where the GRT is 8.1875%, *see* New Mexico Taxation & Revenue, Gross Receipts Tax Rates, http://www.tax.newmexico.gov/gross-receipts-tax-historic-rates.aspx (last visited Nov. 24, 2014).

reduction of $1,053.00 in fees and $73.71 in GRT,[6] for a total reduction of $1,126.71. Accounting for this reduction, the Court will award $37,354.98 ($38,200.50 fees - $1,126.71 fees + 281.19 in costs) for Ms. Ford's total fees and costs in this case.

The total fee award that Defendant must pay Plaintiff is therefore $80,303.89.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment and Memorandum in Support (**ECF No. 51**) is **GRANTED** in the amount of **$80,303.89** on her Complaint for Award of Attorneys Fees and Costs Pursuant to Individuals with Disabilities Education Act.


_____
**UNITED STATES DISTRICT JUDGE**

---

6 Ms. Ford practices in Albuquerque, *see* Aff. of Tara Ford ¶ 2 and Ex. 5(A), ECF No. 51-5, where the GRT is 7.0000 %. *See* New Mexico Taxation & Revenue, Gross Receipts Tax Rates, http://www.tax.newmexico.gov/gross-receipts-tax-historic-rates.aspx (last visited Nov. 24, 2014).