IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENDRA MORRISON,**

       **Plaintiff,**

vs.                                             **CIV No. 12-143 JCH/RHS**

**LOS LUNAS PUBLIC SCHOOLS and
BOARD OF DIRECTORS OF THE
LOS LUNAS PUBLIC SCHOOLS,**

       **Defendants.**

*CONSOLIDATED WITH:*

**BOARD OF EDUCATION OF THE
LOS LUNAS PUBLIC SCHOOLS,**

       **Plaintiff,**

                                            **CIV No. 12-146 JCH/SCY**

vs.

**KENDRA MORRISON,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Application for Attorney's Fees and Memorandum in Support Thereof (ECF No. 62). Plaintiff seeks fees under the Individuals with Disabilities Education Act ("IDEA") for her attorney's work in preparing the attorney's fees petition in this case. Defendant did not file a response opposing the motion and the time for filing a response has passed.

       **I.**     **Law on Attorney's Fees**

While the general rule in our legal system is that each party must pay its own attorney's

fees and expenses, the IDEA provides "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I). Courts in the Tenth Circuit have analyzed motions for attorneys' fees in suits brought pursuant to the IDEA under the same legal standard as is employed for evaluating motions for attorneys' fees brought by prevailing parties in civil rights cases under 42 U.S.C. § 1988.  *See*, *e.g.*, *Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 728-29 (10th Cir. 1996) ("Congress intended the term 'prevailing party' to mean the same under § 1415(e)(4)(B) as it does under 42 U.S.C. § 1988.").

Determining a reasonable award of attorneys' fees under § 1988 is a two-step process. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). First, the court must determine whether an applicant is a prevailing party entitled to reimbursement of her fees.  *See Hensley*, 461 U.S. at 433.  Second, the court must determine what is a reasonable fee.  *Id.*

In order to arrive at a reasonable fee, courts generally use the "lodestar," which is the "product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Hensley*, 461 U.S. at 433).  The district court may reduce the award where the documentation of hours is inadequate. *Hensley*, 461 U.S. at 433.  A court should also "exclude from this initial fee calculation hours that were not 'reasonably expended.'"  *Id.* at 434.

Accordingly, although Defendants did not oppose the petition at hand, this Court has an independent obligation to ensure the applicant is entitled to fees and that the fees awarded are reasonable.

## II. ANALYSIS

This Court has already held that Plaintiff was a prevailing party entitled to reasonable fees. *See* Mem. Op. and Order 6, ECF No. 60. "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1254 (10th Cir. 1998) (internal quotation marks omitted). Accordingly, Plaintiff is entitled to those fees necessary to prepare and present the initial fee application. The Court therefore finds Plaintiff is entitled to 25.7 hours expended working on the attorney's fee petition up through the reply filed on September 20, 2013.

In Plaintiff's initial petition for fees, however, Plaintiff did not include requests for the work performed in preparing and presenting the fee application. She could have presented those requests in both the affidavit attached to the motion and in an affidavit attached to the reply. By choosing to file an entirely separate attorney's fees application, Plaintiff's counsel unnecessarily duplicated research and writing efforts. The Court will therefore not award fees for reviewing the Court's prior attorney's fee opinion on November 24 and 26, 2014, and will only award half the hours counsel expended on December 22-23, 2014 in working on this separate fee petition (3.4 hours divided by 2 = 1.7 hours). The Court will also not award fees for inquiring into the status of the Court's attorney's fees decision because those actions were not reasonably necessary to the preparation and presentation of the fee petition. The Court will therefore award a fee for a total of 27.4 hours of work in compensation for work performed in preparing and presenting the fee application.

As for the reasonable hourly rate, Ms. Simmons requests $325.00 per hour for her work on this second fee petition. Ms. Simmons, however, in the first petition requested the hourly rate

of $300.00. Pl.'s Mot. for Summ. J. 8, ECF No. 51. Significantly, her co-counsel, Ms. Poulin, who has similar experience as an attorney, requested an hourly rate of $235.00 per hour, which this Court granted as reasonable. *See* Mem. Op. and Order 10, ECF No 60. The Court finds that an hourly rate of $235.00 for Ms. Simmons is reasonable for an attorney of her experience in this market.

The Court will therefore award Plaintiff $6,439.00 in attorney's fees (27.4 hours x $235.00 per hour), gross receipts tax in the amount of $450.73,[1] and costs in the amount of $210.51, for a total award of $7,100.24 for her work.

Finally, Plaintiff requests pre-judgment interest, back to the date of filing the petition, at a rate of 10%, under NMSA 1978, § 56-8-4, and post-judgment interest at the rate of 15%. The authority Plaintiff cites for an award of interest is based on a New Mexico statute, but when jurisdiction is based on a federal question, federal law, not state law, applies. *See Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1077-78 (10th Cir. 2002). Moreover, Plaintiff did not request either pre- or post-judgment interest in her complaint. *See* Compl. 3, ECF No. 1. The Court will therefore not award pre- or post-judgment interest on the attorney fee awarded in this opinion.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Attorney's Fees and Memorandum in Support Thereof (**ECF No. 62**) is **GRANTED** in the amount of **$7,100.24**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] Ms. Simmons practices in Albuquerque where the GRT is 7.0000 %. *See* New Mexico Taxation & Revenue, Gross Receipts Tax Rates, http://www.tax.newmexico.gov/gross-receipts-tax-historic-rates.aspx (last visited September 22, 2015).